(115 App. Div. 191.)

In re BABCOCK.

(Supreme Court, Appellate Division, Fourth Department. October 17, 1906.)

MUNICIPAL CORPORATIONS — EMPLOYÉS — COMPENSATION — METHOD OF FIXING COMPENSATION.

Under Buffalo City Charter, § 273, providing that the salaries of employés in the department of public works shall be fixed by the commissioner of public works, with the concurrence of the common council, while no particular or special method of fixing the salaries is necessary, the action of the commissioner in fixing such salaries must be called to the attention of the common council for its action and concurrence.

Appeal from Special Term, Erie County.

Petition by Charles E. P. Babcock from a mandamus to compel Daniel J. Sweeney, as city clerk of the city of Buffalo, and others, to deliver and pay to petitioner certain warrants on the city treasurer. From an order denying the application, petitioner appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Charles L. Feldman and Edward L. Jung, for appellant.
Samuel F. Moran, for respondents.

NASH, J. The right claimed by the petitioner to a salary of $2,400 a year rests upon the determination of the commissioner of public works to fix the annual salaries of assistant engineers at $2,400 after 20 years' service, and the fact that after 20 years' service the commissioner determined to and did fix the salaries of the petitioner and But-

tolph at $2,400 each for the fiscal year 1905–06, and placed said sums in the estimates of the bureau of engineering, which estimates were approved by the common council, and that such action of the commissioner of public works and the common council had the effect of fixing the salary of the petitioner under section 273 of the city charter, by which it is provided that the salaries of the employés in the department of public works "shall be fixed by the commissioner of public works with the concurrence of the common council."

We think the contention of the petitioner cannot be upheld. The communication to the commissioner of public works by the assistant engineers, requesting the adoption of a sliding scale of salaries based upon the length of service, giving to assistant engineers after 20 years' service an annual salary of $2,400, approved by the commissioner of public works and taken under consideration by the common council, did not receive the concurrence as to that part of the communication which provided for a salary of $2,400 after 20 years' service. The attention of the common council in passing upon such estimates of the bureau of engineering was not called to the fact that the commissioner of public works requested that warrants be drawn in favor of the two assistant engineers, petitioner and Buttolph, at the rate of $2,400 a year. Therefore it cannot be said that the common council, by its action in providing such estimates, intended to give its assent or concur with the commissioner of public works in fixing the salary of the petitioner at the sum named. Our conclusion is that, while the statute does not require any particular or special method or manner of fixing the salaries of the employés of the department of public works, the action of the commissioner in fixing such salaries must be called to the attention of the common council for its action and concurrence. The statute requires the affirmative and express sanction of the common council. The order denying the application for a peremptory writ of mandamus should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.